UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ANKID KUMAR,                                                                    Petitioner,

v.                                                          Civil Action No. 4:26-cv-378-DJH

MIKE LEWIS, Jailer, Hopkins County Jail
et al.,                                                                        Respondents.

* * * * *

**<u>MEMORANDUM AND ORDER</u>**

Petitioner Ankid Kumar, a noncitizen resident of the United States currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings. He alleges that his detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.  (Docket No. 1)  The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 5), and they have submitted briefs setting out their respective legal arguments (D.N. 7; D.N. 8).  After careful consideration, the Court will grant Kumar's petition for the reasons explained below.

**I.**

Kumar is a native and citizen of India.  (D.N. 1, PageID.16 ¶ 55; *see* D.N. 7-2, PageID.45) He entered the United States without inspection on May 25, 2024, and was detained by immigration authorities.  (D.N. 1, PageID.17 ¶ 56; D.N. 7-2, PageID.45)  Kumar was placed in removal proceedings the same day via a Notice to Appear, which designated him as "an alien present in the United States who has not been admitted or paroled." (D.N. 7-2, PageID.45) Kumar was then released on an order of recognizance.[1]  (D.N. 1, PageID.17 ¶ 60)  On May 14, 2026,

---

[1] Pursuant to 8 U.S.C. § 1226(a)(2)(B), noncitizens may be released "on an Order of Recognizance, which is a form of conditional parole."  *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025

federal immigration authorities arrested Kumar in Indiana via an "enforcement action." (*See* D.N. 7-1, PageID.43) He remains detained at the Hopkins County Jail in Madisonville, Kentucky. (D.N. 1, PageID.4 ¶ 6; D.N. 7, PageID.36)

Kumar seeks a writ of habeas corpus against Hopkins County Jailer Mike Lewis, the Chicago U.S. Immigration and Customs Enforcement (ICE) Field Office Director, the Acting Director of ICE, and Acting U.S. Attorney General Todd Blanche. (*See* D.N. 1, PageID.7 ¶¶ 15–18) Kumar alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226, and due process under the Fifth Amendment. (*See id.*, PageID.22–24 ¶¶ 98–113) Kumar asks the Court to order his immediate release. (*See id.*, PageID.24) Respondents state that "the United States Court of Appeals for the Sixth Circuit's recent decision" in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), "controls the outcome of this matter." (D.N. 7, PageID.35) They argue that (1) Kumar should request a bond hearing rather than seek release and (2) Kumar's detention does not violate due process.[2] (*See id.*, PageID.37–40)

**II.**

**A.      Immigration and Nationality Act**

In *Lopez-Campos*, the Sixth Circuit found that "an 'applicant for admission' is not necessarily 'seeking admission'" for purposes of § 1225(b)(2)(A). 175 F.4th at 732. As the panel observed, the statute defines an "applicant for admission" as a noncitizen "present in the United States who has not been admitted," § 1225(a)(1), but it does not define "seeking admission,"

---

WL 3083920, at *5 (W.D. Ky. Nov. 4, 2025) (quoting *Gomes v. Hyde*, 804 F. Supp. 3d 265, 269 (D. Mass. 2025)).

[2] Respondents do not contest that the Court has jurisdiction to review Kumar's petition (*see generally* D.N. 7). *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))). The Court will therefore not address that issue.

2

§ 1225(b)(2)(A). *See Lopez-Campos*, 175 F.4th at 722–24. The Sixth Circuit held that "for a noncitizen to be 'seeking admission' under § 1225(b)(2)(A), the noncitizen must actively be in search of lawful entry into the United States via inspection and authorization by an immigration officer." *Id.* at 723. It rejected the argument that "any noncitizen who attempts to remain in the United States after being arrested and detained by immigration officials is 'seeking admission.'" *Id.* at 729.

Here, Kumar is an applicant for admission because he is a noncitizen "present in the United States who has not been admitted," § 1225(a)(1). (*See* D.N. 7-2, PageID.45) But Kumar is not "seeking admission" under § 1225(b)(2)(A) because he is not "actively . . . in search of lawful entry into the United States via inspection and authorization by an immigration officer" despite remaining in the United States after entering without inspection (*see* D.N. 7-1, PageID.43). *Lopez-Campos*, 175 F.4th at 729. Therefore, § 1226(a), not § 1225(b)(2)(A), governs Kumar's detention. *See id.* at 732 (noting that "'§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))). Kumar is thus entitled to a bond hearing. *See id.* at 719 (affirming district courts' findings that petitioners were detained under § 1226(a) and thus entitled to bond hearings).

**B.     Due Process and Remedy**

Kumar asserts that his detention without a bond hearing violates due process under the Fifth Amendment. (*See* D.N. 1, PageID.22–24 ¶¶ 98–107) Respondents argue that Kumar's detention does not violate due process on the ground that a "bond hearing[] on the merits [has been] available to him from the inception of his detention." (D.N. 7, PageID.40) As for a remedy,

3

Respondents argue that Kumar should seek a bond hearing before an immigration judge rather than release.  (*See id.*, PageID.37–40)

Because Kumar has not received a bond hearing, the Court must determine the proper remedy.  *See Campos-Rios v. Blanche*, No. 3:26CV00640, 2026 WL 1361650, at *16 (N.D. Ohio May 15, 2026).  In *Lopez-Campos*, the Sixth Circuit affirmed the district courts' determinations that "the government's detention of Petitioners without bond under § 1226(a) was a deprivation of liberty that violated Petitioners' due process rights" under the Fifth Amendment.  175 F.4th at 734.  But the Sixth Circuit did not require a particular remedy for that violation.  *See id.* at 732–34.  "Habeas has traditionally been a means to secure release from unlawful detention."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (emphasis omitted).  Consistent with that understanding, this Court and others addressing the same legal issue have ordered noncitizens' release upon finding a due-process violation.  *See, e.g.*, *Vicen v. Lewis*, 821 F. Supp. 3d 863, 878 (W.D. Ky. 2026) (ordering release and collecting cases in which courts ordered release from illegal detention); *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *7 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025); *see also Hyppolite v. Noem*, 808 F. Supp. 3d 474, 494 (E.D.N.Y. 2025) (ordering petitioner's release and that respondents not re-detain him "without providing him notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker").

Additionally, the Court disagrees with Respondents that Kumar can remedy the due-process violation here by requesting a bond hearing while detained.  "[S]uch a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."  *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) (citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3

(N.D. Cal. July 14, 2025)).  Indeed, due process typically "requires some kind of a hearing *before* the [government] deprives a person of liberty."  *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (citations omitted).  Because Kumar was detained without receiving a bond hearing, he has already "suffered the injury he is now seeking to avoid."  *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021).  Consistent with this understanding, release is the appropriate remedy in this context.  *See E.A.T.-B.*, 795 F. Supp. 3d at 1324; *Domingo*, 2025 WL 1940179, at *3 ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.").  The Court thus concludes that Kumar's detention without a bond hearing violates due process and will order his immediate release.

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Kumar's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**.  Respondents are **DIRECTED** to immediately release Kumar and shall not re-detain him without notice and an opportunity to be heard at a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a).  Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **June 29, 2026**.

(2)    Upon receipt of the notice of compliance, this matter will be **CLOSED**.

June 25, 2026

**David J. Hale, Chief Judge**
**United States District Court**